**MODERN REALTY CORPORATION OF BROCKTON**

v.

**UNITED STATES of America.**

**Civ. A. No. 54–883.**

United States District Court
D. Massachusetts.

Sept. 9, 1955.

Lewis H. Miller, David Silverstein, Brockton, Mass., for plaintiff.

Arthur H. Bloomberg, Asst. U. S. Atty., Cambridge, Mass., for defendant.

ALDRICH, District Judge.

This action is brought by a lessor after the termination of the lease for damages for breach of an alleged covenant to restore the premises to their original condition. The defendant moves for summary judgment. The facts most favorable to the plaintiff on the basis of the pleadings, the affidavits, and certain oral stipulations made at the argument are these. The original lease was executed September 18, 1947, the defendant entering into possession on October 1, 1947. Under ¶ 6 of the lease "as part of the rental consideration" the plaintiff was to remove the main stairway leading to the third and fourth stories of the building, as the defendant did not wish occupancy of these floors and wanted the space on the second floor which was taken up by the stairs. Paragraph 7 of the lease provided, in part, as follows:

"7. *The Government shall have the right, during the existence of this lease, to make alterations,* attach fixtures, and erect additions, structures, or signs, in or upon the premises hereby leased, which fixtures, additions, or structures so placed in or upon or attached to the said premises shall be and remain the property of the Government and may be removed or otherwise disposed of by the Government. *The Government* shall surrender possession of the premises upon the expiration or termination of this lease and, *if required by the Lessor, shall* prior thereto, or within such additional time as may be mutually agreed upon, *return the premises in as good condition as that existing at the time of entering upon the same* under this lease, reasonable and ordinary wear and tear and damages by the elements or by circumstances over which the Government has no control, excepted." (Italics suppl.)

The removal of the stairs would not be regarded as an improvement by a lessor, or any ordinary lessee. The plaintiff accordingly contends that the premises were not in such "good condition" as before they were removed, and insofar as that is a question of fact, I will so assume. However, in my opinion, it does not make any difference.

██ The stairs were removed by the lessor acting under ¶ 6. If they had been removed by the lessee acting under the

permission to make alterations granted in ¶ 7, having in mind that the lease was drawn by the defendant and is to be construed against it, I would have been strongly tempted to find, in spite of the vigorous denial by the defendant, that as to such an alteration the plaintiff had an election to call for restoration. It would be unusual to have a lease grant blanket permission for alterations by the lessee with no recourse by the lessor, who would be under no obligation to restore in the absence of express provision. Cawley v. Jean, 218 Mass. 263, 105 N.E. 1007. The fact that the lessee's obligation to return the premises in as good condition as previously existing was at the option of the lessor must have some affirmative meaning. It may well be that this was an inartistic way of stating that as to alterations made by the lessee which did not improve the general condition of the premises the lessor had an option. However, as to changes made by the lessor under ¶ 6 as part of the original letting the situation is different. The defendant's maximum undertaking was to return the premises to as good a condition as they were when it entered. The fair intendment of this in no event went further than an agreement to obliterate what the defendant itself did by way of alterations after entry. It did not apply to changes made by the lessor to put the premises in such condition as the defendant would be willing to rent them.

It is true that the stairs could be found not to have been removed by the lessor until after the defendant's entry, so that based on this time sequence the plaintiff has a possible argument. This argument would not have existed if the stairs had been removed sooner. To make the very substantial obligation of the lessee to restore depend upon whether the lessor was quick or slow in fulfilling its own initial undertaking would be giving undue effect to a very incidental circumstance.

The above rulings apply equally to further changes made by the lessor in connection with a subsequent amendment of the lease granting further space within the building.

 The plaintiff contends that it should be permitted to offer extrinsic evidence that the original contemplation of the parties was at variance with the above. Since so far as it relates to the admitted facts in this case I find no ambiguity in the lease, it is elementary that no such evidence would be admissible. Cawley v. Jean, supra. The defendant's motion for summary judgment is allowed.